ORIGINAL

THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs
IRMA RAMIREZ and DAREN HEATHERLY

E-filing

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CV - 11 3089 JCS

IRMA RAMIREZ and DAREN HEATHERLY,

Plaintiffs,

v.

CASA SANCHEZ RESTAURANT;
MARTHA SANCHEZ; ROBERT C.
SANCHEZ; and FANTE, INC., a California
Corporation dba CASA SANCHEZ
FOODS,

Defendants.

CASE NO.
**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY, each an individual,

2  complains of defendants CASA SANCHEZ RESTAURANT; MARTHA SANCHEZ; ROBERT

3  C. SANCHEZ; and FANTE, INC., a California Corporation dba CASA SANCHEZ FOODS and

4  alleges as follows:

5  **INTRODUCTION:**

6    1.    This is a civil rights action for discrimination against persons with physical

7  disabilities, of which class plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and the

8  disability community are members, for failure to remove architectural barriers structural in nature

9  at defendants' CASA SANCHEZ, a place of public accommodation, thereby discriminatorily

10  denying each plaintiff and the class of other similarly situated persons with physical disabilities

11  access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the

12  goods, facilities, services, and accommodations thereof. Each plaintiff seeks injunctive relief and

13  damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*;

14  California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et*

15  *seq.*

16    2.    Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a person

17  with physical disabilities who, on or about , was an invitee, guest, patron, customer at

18  defendants' CASA SANCHEZ RESTAURANT, in the City of San Francisco, California. At

19  said times and place, defendants failed to provide proper legal access to the restaurant, which is a

20  "public accommodation" and/or a "public facility" including, but not limited to the entrance,

21  counter, men's restroom and women's restroom. The denial of access was in violation of both

22  federal and California legal requirements, and plaintiff IRMA RAMIREZ and plaintiff DAREN

23  HEATHERLY each suffered violation of his/her civil rights to full and equal access, and was

24  embarrassed and humiliated.

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

1 **JURISDICTION AND VENUE:**

2     3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.

3 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

4 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5 nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6 California law, whose goals are closely tied with the ADA, including but not limited to violations

7 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8 *seq.*, including §19959; California Building Code.

9     4.     **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10 founded on the facts that the real property which is the subject of this action is located at/near

11 2778 24TH Street, in the City and County of San Francisco, State of California, and that plaintiffs'

12 causes of action arose in this county.

13 **PARTIES:**

14     5.     Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a

15 "physically handicapped person", a "physically disabled person", and a "person with physical

16 disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person

17 with physical disabilities" are used interchangeably, as these words have similar or identical

18 common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety

19 Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51,

20 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically

21 disabled persons"). Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a

22 "person with physical disabilities", as defined by all applicable California and United States

23 laws. Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a "person with

24 physical disabilities", as defined by all applicable California and United States laws. Plaintiff

25 IRMA RAMIREZ suffers from Post-Polio syndrome. Plaintiff IRMA RAMIREZ relies

26 primarily on a wheelchair to travel about in public. Plaintiff DAREN HEATHERLY is afflicted

27 with Multiple Sclerosis and a left hip replacement. Plaintiff DAREN HEATHERLY relies

28 primarily on a wheelchair to travel about in public.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 Consequently, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a

2 member of that portion of the public whose rights are protected by the provisions of Health &

3 Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically

4 Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and

5 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42

6 U.S.C. §12101, *et seq.*

7     6.    Defendants MARTHA SANCHEZ; ROBERT C. SANCHEZ; and FANTE, INC.

8 (hereinafter alternatively collectively referred to as "defendants") are the owners and operators,

9 lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public

10 accommodation known as CASA SANCHEZ, located at/near 2778 24TH Street, San Francisco,

11 California, or of the building and/or buildings which constitute said public accommodation.

12     7.    At all times relevant to this complaint, defendants MARTHA SANCHEZ;

13 ROBERT C. SANCHEZ; and FANTE, INC., own and operate in joint venture the subject

14 CASA SANCHEZ as a public accommodation. This business is open to the general public and

15 conducts business therein. The business is a "public accommodation" or "public facility" subject

16 to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code

17 §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

18     8.    At all times relevant to this complaint, defendants MARTHA SANCHEZ;

19 ROBERT C. SANCHEZ; and FANTE, INC. are jointly and severally responsible to identify and

20 remove architectural barriers at the subject CASA SANCHEZ pursuant to Code of Federal

21 Regulations title 28, section 36.201(b), which states in pertinent part:

22         **§ 36.201    General**

23             (b) *Landlord and tenant responsibilities.* Both the landlord
who owns the building that houses a place of public
24         accommodation and the tenant who owns or operates the place of
public accommodation are public accommodations subject to the
25         requirements of this part. As between the parties, allocation of
responsibility for complying with the obligations of this part may
26         be determined by lease or other contract.

27         28 CFR §36.201(b)

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

**PRELIMINARY FACTUAL ALLEGATIONS:**

9. CASA SANCHEZ is a restaurant, located at/near 2778 24TH Street, San Francisco, California 94110. CASA SANCHEZ, its entrance, counter, men's restroom and women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected CASA SANCHEZ and each of its facilities, its entrance, counter, men's restroom and women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

10. On or about the year of 2000, defendants' and each of them purchased and/or took possessory control of the premises now known as CASA SANCHEZ. At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that CASA SANCHEZ was not accessible to the disabled. Nevertheless, defendants' and each of them, operated CASA SANCHEZ as though it was accessible.

11. At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

12. At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the CASA SANCHEZ as being handicapped accessible and handicapped usable.

13. On or about MARTHA SANCHEZ; ROBERT C. SANCHEZ; and FANTE, INC., plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was an invitee and guest at the subject CASA SANCHEZ, for purposes of food and drink. Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ are husband and wife.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

14. On or about January 20, 2011, April 5, 2011, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY had needed to use one of the two (2) unisex restrooms. Both plaintiff IRMA RAMIREZ and DAREN HEATHERLY encountered restrooms that were not accessible and usable (one restroom had no grab bars and the lavatory was in a cabinet, the other restroom had no rear grab bar, a twenty-four (24) inch side grab bar and the lavatory was in a cabinet).

15. On or about February 3, 2011, plaintiff IRMA RAMIREZ wrote both the landlord and tenant about the access issues. Plaintiff IRMA RAMIREZ wrote:

"Si desea que le escriba en Espanol nomas regrese esta carta. Se la escribe nuevo. My husband and I were recently at Casa Sanchez. The food was quite good and reasonably priced. We were both surprised and quite pleased with the patio. Who would have thought that some place in the Mission could have such a patio. Huge and beautiful. Must be absolutely great in good weather. That part of our experience was super. But there are some problems that need your immediate attention. You see my husband and I use wheelchairs. There needs to be enough room between and around the tables for wheelchairs. There should be at least one table that wheelchairs can fit under. When I went to use the women's restroom the cashier had to move a large planter out of the way. Then when I went to use the restroom it was really hard to use the toilet. There were no grab bars to use so I really struggled to use it. The toilet seemed very low. The sink is not usable in the cabinet. The bathroom is really big so you should be able to easily take care of this. My husband had the same kind of problems with the me's room. Could you look at that restroom also. Thank you."

16. On or about April 12, 2011, plaintiff IRMA RAMIREZ returned to CASA SANCHEZ. Plaintiff IRMA RAMIREZ encountered all the same barriers as on the prior visits.

17. All times stated herein, plaintiffs encountered an inaccessible counter which was too high at the CASA SANCHEZ.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1    18.    Therefore, at said time(s) and place, plaintiff IRMA RAMIREZ and plaintiff

2  DAREN HEATHERLY, each a person with a disability, encountered the following inaccessible

3  elements of the subject CASA SANCHEZ, which constituted architectural barriers and a denial

4  of the proper and legally-required access to a public accommodation to persons with physical

5  disabilities including, but not limited to:

6                a.    lack of an accessible entrance due to excessive door pressure;

7                b.    lack of an accessible service counter;

8                c.    lack of two (2) handicapped-accessible unisex restroom(s); and

9                d.    On personal knowledge, information and belief, other public facilities and
                      elements too numerous to list were improperly inaccessible for use by
10                    persons with physical disabilities.

11   19.    At all times stated herein, the existence of architectural barriers at defendants'

12  place of public accommodation evidenced "actual notice" of defendants' intent not to comply

13  with the Americans with Disabilities Act of 1990 either then, now or in the future.

14   20.    On or about February 3, 2011, defendant(s) were sent two (2) letters by or on

15  behalf of plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY advising of their need

16  to take immediate action to remove architectural barriers and requesting a written response upon

17  receipt of his/her letter, promising to immediately remove the barriers and providing a date when

18  that would be accomplished. Said letters are attached hereto collectively as exhibit "A" and

19  incorporated by reference as though fully set forth herein. Defendants' failure to respond

20  evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

21   21.    At all times stated herein, defendants, and each of them, did not act as reasonable

22  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

23  removing architectural barriers that would foreseeably prevent plaintiff IRMA RAMIREZ from

24  receiving the same goods and services as able bodied people and some of which may and did pose

25  a threat of harm and/or personal injury to people with disabilities.

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1    22.    At all times stated herein, defendants, and each of them, did not act as reasonable

2  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

3  removing architectural barriers that would foreseeably prevent plaintiff DAREN HEATHERLY

4  from receiving the same goods and services as able bodied people and some of which may and did

5  pose a threat of harm and/or personal injury to people with disabilities.

6    23.    As a legal result of defendants MARTHA SANCHEZ; ROBERT C. SANCHEZ;

7  and  FANTE, INC. 's failure to act as a reasonable and prudent public accommodation in

8  identifying, removing or creating architectural barriers, policies, practices and procedures that

9  denied access to each plaintiff  and other persons with disabilities, each plaintiff suffered the

10  damages as alleged herein.

11    24.    As a result of the denial of equal access to defendants' facilities due to the acts and

12  omissions of defendants, and each of them, in owning, operating and maintaining these subject

13  public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including

14  but not limited to rights under Civil Code §§54, 54.1 and 54.3.

15    25.    As a result of the denial of equal access to defendants' facilities due to the acts and

16  omissions of defendants, and each of them, in owning, operating and maintaining these subject

17  public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights,

18  including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

19    26.    Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY suffered

20  emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not

21  limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and

22  naturally associated with a person with physical disabilities being denied access, all to his/her

23  damages as prayed hereinafter in an amount within the jurisdiction of this court.

24  No claim is being made for mental and emotional distress over and above that usually associated

25  with the discrimination and physical injuries claimed, and no expert testimony regarding this

26  usual mental and emotional distress will be presented at trial in support of the claim for damages.

27

28

1    27. Defendants', and each of their, failure to remove the architectural barriers
2    complained of herein created, at the time of plaintiff IRMA RAMIREZ and plaintiff DAREN
3    HEATHERLY's first visit to said public accommodation, and continues to create continuous and
4    repeated exposure to substantially the same general harmful conditions which caused plaintiff
5    IRMA RAMIREZ and plaintiff DAREN HEATHERLY harm as stated herein.

6    28. Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was denied
7    his/her rights to equal access to a public facility by defendants MARTHA SANCHEZ; ROBERT
8    C. SANCHEZ; and FANTE, INC., because defendants MARTHA SANCHEZ; ROBERT C.
9    SANCHEZ; and FANTE, INC. maintained a restaurant without access for persons with physical
10   disabilities to its facilities, including but not limited to the entrance, counter, men's restroom and
11   women's restroom, and other public areas as stated herein, and continue to the date of filing this
12   complaint to deny equal access to each plaintiff and other persons with physical disabilities in
13   these and other ways.

14   29. On information and belief, construction alterations carried out by defendants have
15   also triggered access requirements under both California law and the Americans with Disabilities
16   Act of 1990.

17   30. Each plaintiff, as described hereinbelow, seeks injunctive relief to require the
18   CASA SANCHEZ to be made accessible to meet the requirements of both California law and the
19   Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants
20   operate CASA SANCHEZ as a public facility.

21   31. Plaintiff IRMA RAMIREZ seeks damages for violation of her civil rights for visits
22   on January 20, 2011, April 5, 2011 and April 12, 2011 and plaintiff DAREN HEATHERLY
23   seeks damages for violation of his civil rights for visits on January 20, 2011 and April 5, 2011.

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1   Each plaintiff seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or
2   alternatively $1000 pursuant to Civil Code §54.3, for each day after his/her visit that the trier of
3   fact (court/jury) determines was the date that some or all remedial work should have been
4   completed under the standard that the landlord and tenant had an ongoing duty to identify and
5   remove architectural barriers where it was readily achievable to do so, which deterred plaintiff
6   IRMA RAMIREZ and plaintiff DAREN HEATHERLY from returning to the subject public
7   accommodation because of his/her knowledge and/or belief that neither some or all architectural
8   barriers had been removed and that said premises remains inaccessible to persons with disabilities
9   whether a wheelchair user or otherwise.

10      32.   On information and belief, defendants have been negligent in their affirmative duty
11   to identify the architectural barriers complained of herein and negligent in the removal of some or
12   all of said barriers.

13      33.   Because of defendants' violations, each plaintiff and other persons with physical
14   disabilities are unable to use public facilities such as those owned and operated by defendants on a
15   "full and equal" basis unless such facility is in compliance with the provisions of the Americans
16   with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
17   other accessibility law as plead herein. Each plaintiff seeks an order from this court compelling
18   defendants to make the CASA SANCHEZ accessible to persons with disabilities.

19      34.   On information and belief, defendants have intentionally undertaken to modify and
20   alter existing building(s), and have failed to make them comply with accessibility requirements
21   under the requirements of ADAAG and California Building Code.

22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

1   The acts and omission of defendants, and each of them, in failing to provide the required
2   accessible public facilities at the time of each plaintiff's visit and injuries, indicate actual and
3   implied malice toward each plaintiff, and despicable conduct carried out by defendants, and each
4   of them, with a willful and conscious disregard for the rights and safety of each plaintiff and other
5   similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a)
6   and 54.3, in order to make a more profound example of defendants, and each of them, to other
7   operators and landlords of other restaurants and other public facilities, and to punish defendants
8   and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

9        35.    Each plaintiff is informed and believes and therefore alleges that defendants CASA
10  SANCHEZ, and each of them, caused the subject building(s) which constitute the CASA
11  SANCHEZ to be constructed, altered and maintained in such a manner that persons with physical
12  disabilities were denied full and equal access to, within and throughout said building(s) of the
13  CASA SANCHEZ and were denied full and equal use of said public facilities. Furthermore, on
14  information and belief, defendants have continued to maintain and operate said restaurant and/or
15  its building(s) in such conditions up to the present time, despite actual and constructive notice to
16  such defendants that the configuration of CASA SANCHEZ and/or its building(s) is in violation
17  of the civil rights of persons with physical disabilities, such as plaintiff IRMA RAMIREZ,
18  plaintiff DAREN HEATHERLY and other members of the disability community. Such
19  construction, modification, ownership, operation, maintenance and practices of such public
20  facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and
21  the ADA, 42 U.S.C. §12101, *et seq.*

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1    36. On personal knowledge, information and belief, the basis of defendants' actual and
2    constructive notice that the physical configuration of the facilities including, but not limited to,
3    architectural barriers constituting the CASA SANCHEZ and/or building(s) was in violation of the
4    civil rights of persons with physical disabilities, such as each plaintiff, includes, but is not limited
5    to, communications with invitees and guests, plaintiff IRMA RAMIREZ herself, owners of other
6    restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon
7    modification, improvement, or substantial repair of the subject premises and other properties
8    owned by these defendants, newspaper articles and trade publications regarding the Americans
9    with Disabilities Act of 1990 and other access laws, public service announcements by former U.S.
10   Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants'
11   failure, under state and federal law, to make the CASA SANCHEZ accessible is further evidence
12   of defendants' conscious disregard for the rights of plaintiffs and other similarly situated persons
13   with disabilities. Despite being informed of such effect on each plaintiff and other persons with
14   physical disabilities due to the lack of accessible facilities, defendants, and each of them,
15   knowingly and willfully refused to take any steps to rectify the situation and to provide full and
16   equal access for each plaintiff and other persons with physical disabilities to the CASA
17   SANCHEZ. Said defendants, and each of them, have continued such practices, in conscious
18   disregard for the rights of each plaintiff and other persons with physical disabilities, up to the date
19   of filing of this complaint, and continuing thereon. Defendants had further actual knowledge of
20   the architectural barriers referred to herein by virtue of the demand letter addressed to the
21   defendants and served concurrently with the summons and complaint. Said conduct, with
22   knowledge of the effect it was and is having on plaintiffs and other persons with physical
23   disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of each
24   plaintiff and of other similarly situated persons, justifying the imposition of treble damages per
25   Civil Code §§52 and 54.3.

26

27

28

1    37.    Plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and the disability

2  community, consisting of persons with disabilities, would, could and will return to the subject

3  public accommodation when it is made accessible to persons with disabilities.

4  **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
       ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
5       DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
       (On behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and
6       Against Defendants MARTHA SANCHEZ; ROBERT C. SANCHEZ; and FANTE, INC.,
7       a California Corporation dba CASA SANCHEZ FOODS, inclusive)
       (42 U.S.C. §12101, *et seq.*)

8    38.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

9  allegations contained in paragraphs 1 through 37 of this complaint.

10    39.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

11  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

12  protect:

13       some 43 million Americans with one or more physical or mental
       disabilities; [that] historically society has tended to isolate and
14       segregate individuals with disabilities; [that] such forms of
       discrimination against individuals with disabilities continue to be a
15       serious and pervasive social problem; [that] the nation's proper
       goals regarding individuals with disabilities are to assure equality of
16       opportunity, full participation, independent living and economic
       self-sufficiency for such individuals; [and that] the continuing
17       existence of unfair and unnecessary discrimination and prejudice
       denies people with disabilities the opportunity to compete on an
18       equal basis and to pursue those opportunities for which our free
19       society is justifiably famous.

20    40.    Congress stated as its purpose in passing the Americans with Disabilities Act of

21  1990 (42 U.S.C. §12102):

22       It is the purpose of this act (1) to provide a clear and comprehensive
       national mandate for the elimination of discrimination against
23       individuals with disabilities; (2) to provide clear, strong, consistent,
       enforceable standards addressing discrimination against individuals
24       with disabilities; (3) to ensure that the Federal government plays a
       central role in enforcing the standards established in this act on
25       behalf of individuals with disabilities; and (4) to invoke the sweep
       of Congressional authority, including the power to enforce the 14th
26       Amendment and to regulate commerce, in order to address the
       major areas of discrimination faced day to day by people with
27       disabilities.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    41.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

4  accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or
> drink.
>
> 42 U.S.C. §12181(7)(B)

42.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person

who owns, leases, or leases to, or operates a place of public accommodation."

43.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

> (I)    the imposition or application of eligibility criteria
> that screen out or tend to screen out an individual with a disability
> or any class of individuals with disabilities from fully and equally
> enjoying any goods, services, facilities, privileges, advantages, or
> accommodations, unless such criteria can be shown to be necessary
> for the provision of the goods, services, facilities, privileges,
> advantages, or accommodations being offered;
>
> (ii)    a failure to make reasonable modifications in
> policies, practices, or procedures, when such modifications are
> necessary to afford such goods, services, facilities, privileges,
> advantages or accommodations to individuals with disabilities,
> unless the entity can demonstrate that making such modifications
> would fundamentally alter the nature of such goods, services,
> facilities, privileges, advantages, or accommodations;

24  ///

25  ///

26  ///

27  ///

28  ///

1    (iii)    a failure to take such steps as may be necessary to
     ensure that no individual with a disability is excluded, denied
2    services, segregated or otherwise treated differently than other
     individuals because of the absence of auxiliary aids and services,
3    unless the entity can demonstrate that taking such steps would
     fundamentally alter the nature of the good, service, facility,
4    privilege, advantage, or accommodation being offered or would
     result in an undue burden;
5
          (iv)    a failure to remove architectural barriers, and
6    communication barriers that are structural in nature, in existing
     facilities . . . where such removal is readily achievable; and
7
          (v)    where an entity can demonstrate that the removal of
8    a barrier under clause (iv) is not readily achievable, a failure to
     make such goods, services, facilities, privileges, advantages or
9    accommodations available through alternative methods if such
     methods are readily achievable.
10
The acts of defendants set forth herein were a violation of each plaintiff's rights under the ADA,

11
Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* -

12
Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil

13
Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and

14
54.3.

15
     44.    The removal of the barriers complained of by plaintiffs as hereinabove alleged

16
were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of

17
CASA SANCHEZ pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if

18
the removal of all the barriers complained of herein together was not "readily achievable," the

19
removal of each individual barrier complained of herein was "readily achievable." On

20
information and belief, defendants' failure to remove said barriers was likewise due to

21
discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

22
(b)(2)(A)(i)and (ii).

23

24

25

26

27

28

1    45.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
2  accomplishable and able to be carried out without much difficulty or expense." The statute
3  defines relative "expense" in part in relation to the total financial resources of the entities
4  involved. Each plaintiff alleges that properly repairing, modifying, or altering each of the items
5  that plaintiffs complains of herein were and are "readily achievable" by the defendants under the
6  standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was
7  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
8  make the required services available through alternative methods which were readily achievable.

9    46.    On information and belief, construction work on, and modifications of, the subject
10 building(s) of CASA SANCHEZ occurred after the compliance date for the Americans with
11 Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of
12 the ADA.

13   47.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
14 seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
15 Act of 1964, 42 U.S.C. 2000(a)-3(a), as each plaintiff is being subjected to discrimination on the
16 basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is
17 about to be subjected to discrimination in violation of §302. Each plaintiff is deterred from
18 returning to or making use of the public facilities complained of herein so long as the premises
19 and defendants' policies bar full and equal use by persons with physical disabilities.

20   48.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
21 disability to engage in a futile gesture if such person has actual notice that a person or
22 organization covered by this title does not intend to comply with its provisions." Pursuant to this
23 section, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each has not returned to
24 defendants' premises since on or about April 12, 2011, but on information and belief, alleges that
25 defendants have continued to violate the law and deny the rights of each plaintiff and of other
26 persons with physical disabilities to access this public accommodation.

27
28

1 Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive

2 relief shall include an order to alter facilities to make such facilities readily accessible to and

3 usable by individuals with disabilities to the extent required by this title."

4       49.     Each plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil

5 Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to

6 implement the Americans with Disabilities Act of 1990, including but not limited to an order

7 granting injunctive relief and attorneys' fees. Each plaintiff will seek attorneys' fees conditioned

8 upon being deemed to be the prevailing party.

9 **II.   SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
     IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**

10      (On Behalf of Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY, and

11      Against Defendants MARTHA SANCHEZ; ROBERT C. SANCHEZ; and FANTE, INC.,
     a California Corporation dba CASA SANCHEZ FOODS, inclusive)

12      (California Civil Code §§54, 54.1, 54.3, *et seq.)*

13       50.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

14 allegations contained in paragraphs 1 through 49 of this complaint.

15       51.     At all times relevant to this action, California Civil Code §54 has provided that

16 persons with physical disabilities are not to be discriminated against because of physical handicap

17 or disability. This section provides that:

18                (a) Individuals with disabilities . . . have the same rights as
           the general public to full and free use of the streets, highways,

19            sidewalks, walkways, public buildings, medical facilities, including
           hospitals, clinics, and physicians' offices, and other public places.

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

52. California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

53. California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

54. Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Each plaintiff has been and continue to be denied full and equal access to defendants' CASA SANCHEZ. As a legal result, each plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he/she visited or have been deterred from visiting the CASA SANCHEZ because of his/her knowledge and belief that the restaurant is inaccessible to persons with disabilities.

///

///

1 | California Civil Code §54.3(a) provides:

2 | Any person or persons, firm or corporation, who denies or interferes
with admittance to or enjoyment of the public facilities as specified
3 | in Sections 54 and 54.1 or otherwise interferes with the rights of an
individual with a disability under Sections 54, 54.1 and 54.2 is
4 | liable for each offense for the actual damages and any amount as
may be determined by a jury, or the court sitting without a jury, up
5 | to a maximum of three times the amount of actual damages but in
no case less than . . .one thousand dollars ($1,000) and . . .
6 | attorney's fees as may be determined by the court in addition
thereto, suffered by any person denied any of the rights provided in
7 | Sections 54, 54.1 and 54.2.

8 | Civil Code §54.3(a)

9 | 55. On or about January 20, 2011, April 5, 2011 and April 12, 2011, plaintiff IRMA

10 | RAMIREZ and plaintiff DAREN HEATHERLY on each of their respective visits as stated herein

11 | suffered violations of Civil Code §§54 and 54.1 in that plaintiff IRMA RAMIREZ and plaintiff

12 | DAREN HEATHERLY each was denied access to the entrance, counter, men's restroom and

13 | women's restroom and other public facilities as stated herein at the CASA SANCHEZ and on the

14 | basis that plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was a person with

15 | physical disabilities.

16 | 56. As a result of the denial of equal access to defendants' facilities due to the acts and

17 | omissions of defendants, and each of them, in owning, operating and maintaining these subject

18 | public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including

19 | but not limited to rights under Civil Code §§54, 54.1 and 54.3.

20 | 57. As a result of the denial of equal access to defendants' facilities due to the acts and

21 | omissions of defendants, and each of them, in owning, operating and maintaining these subject

22 | public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights,

23 | including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

24 | 58. Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each

25 | suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation,

26 | embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and

27 | naturally associated with a denial of access to a person with physical disabilities, all to each

28 | plaintiff's damages as hereinafter stated.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1  Defendants' actions and omissions to act constituted discrimination against each plaintiff on the
2  sole basis that each plaintiff is a person or an entity that represents persons with physical
3  disabilities and unable, because of the architectural barriers created and maintained by the
4  defendants in violation of the subject laws, to use the public facilities hereinabove described on a
5  full and equal basis as other persons.

6       59.    Each plaintiff has been damaged by defendants', and each of their, wrongful
7  conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of
8  each plaintiff's rights as a person or an entity that represents persons with physical disabilities on
9  or about January 20, 2011, April 5, 2011 and April 12, 2011, and on a continuing basis since then,
10 including statutory damages, a trebling of all of actual damages, general and special damages
11 available pursuant to §54.3 of the Civil Code according to proof.

12      60.    As a result of defendants', and each of their, acts and omissions in this regard,
13 each plaintiff has been required to incur legal expenses and hire attorneys in order to enforce each
14 plaintiff's rights and enforce the provisions of the law protecting access for persons with physical
15 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
16 the provisions of Civil Code §54.3, each plaintiff therefore will seek recovery in this lawsuit for
17 all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
18 plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also
19 to compel the defendants to make their facilities accessible to all members of the public with
20 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
21 the provisions of §1021.5 of the Code of Civil Procedure.

22
23
24
25
26
27
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

1

2   **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
       FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

3       (On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY and

4       Against Defendants MARTHA SANCHEZ; ROBERT C. SANCHEZ; and  FANTE, INC.,
       a California Corporation dba CASA SANCHEZ FOODS, inclusive)

5       (Health & Safety Code §19955, *et seq.*)

6           61.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

7   allegations contained in paragraphs 1 through 60 of this complaint.

8           62.     Health & Safety Code §19955 provides in pertinent part:

9               The purpose of this part is to insure that public accommodations or
                facilities constructed in this state with private funds adhere to the

10              provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
                of Title 1 of the Government Code.  For the purposes of this part

11              "public accommodation or facilities" means a building, structure,
                facility, complex, or improved area which is used by the general

12              public and shall include auditoriums, hospitals, theaters, restaurants,
                hotels, motels, stadiums, and convention centers.  When sanitary

13              facilities are made available for the public, clients or employees in
                such accommodations or facilities, they shall be made available for

14              the handicapped.

15          63.     Health & Safety Code §19956, which appears in the same chapter as §19955,

16  provides in pertinent part, "accommodations constructed in this state shall conform to the

17  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

18  Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

19  public accommodations constructed or altered after that date. On information and belief, portions

20  of the CASA SANCHEZ and/or of the building(s) were constructed and/or altered after July 1,

21  1970, and substantial portions of the CASA SANCHEZ and/or the building(s) had alterations,

22  structural repairs, and/or additions made to such public accommodations after July 1, 1970,

23  thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5,

24  §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions

25  per Health & Safety Code §19959.

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      64.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
2 Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
3 1982, Title 24 of the California Building Standards Code adopted the California State Architect's
4 Regulations and these regulations must be complied with as to any alterations and/or
5 modifications of CASA SANCHEZ and/or the building(s) occurring after that date. Construction
6 changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant
7 to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.
8 On information and belief, at the time of the construction and modification of said building, all
9 buildings and facilities covered were required to conform to each of the standards and
10 specifications described in the American Standards Association Specifications and/or those
11 contained in the California Building Code.

12      65.     Restaurants such as the CASA SANCHEZ are "public accommodations or
13 facilities" within the meaning of Health & Safety Code §19955, *et seq*.

14      66.     As a result of the actions and failure to act of defendants, and as a result of the
15 failure to provide proper and legally handicapped-accessible public facilities, each plaintiff was
16 denied plaintiff's rights to full and equal access to public facilities and suffered a loss of each
17 plaintiff's civil rights and each plaintiff's rights as a person with physical disabilities to full and
18 equal access to public facilities.

19      67.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, each
20 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce each
21 plaintiff's civil rights and enforce provisions of the law protecting access for the persons with
22 physical disabilities and prohibiting discrimination against the persons with physical disabilities,
23 and to take such action both in each plaintiff's own interests and in order to enforce an important
24 right affecting the public interest. Each plaintiff, therefore, seeks in this lawsuit the recovery of
25 all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
26 §1021.5.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

1   Each plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and

2   Civil Code §§54.3 and/or in the alternative, each plaintiff will seek attorneys' fees, costs and

3   litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

4   Each plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

5        68.       Each plaintiff seeks injunctive relief for an order compelling defendants, and each

6   of them, to make the subject place of public accommodation readily accessible to and usable by

7   persons with disabilities.

8   **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
         EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

9   **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET
    SEQ.* **(THE UNRUH CIVIL RIGHTS ACT)**

10  (On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and
    Against Defendants MARTHA SANCHEZ; ROBERT C. SANCHEZ; and FANTE, INC.,

11  a California Corporation dba CASA SANCHEZ FOODS, inclusive)

12  (Civil Code §51, 51.5)

13       69.       Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

14  allegations contained in paragraphs 1 through 68 of this complaint.

15       70.       Defendants' actions and omissions and failure to act as a reasonable and prudent

16  public accommodation in identifying, removing and/or creating architectural barriers, policies,

17  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

18  Unruh Act provides:

19              This section shall be known, and may be cited, as the Unruh
                Civil Rights Act.

20
                All persons within the jurisdiction of this state are free and
21              equal, and no matter what their sex, race, color, religion, ancestry,
                national origin, or **disability** are entitled to the full and equal
22              accommodations, advantages, facilities, privileges, or services in all
                business establishments of every kind whatsoever.

23
                This section shall not be construed to confer any right or
24              privilege on a person that is conditioned or limited by law or that is
                applicable alike to persons of every sex, color, race, religion,
25              ancestry, national origin, or **disability.**

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

1    Nothing in this section shall be construed to require any
     construction, alteration, repair, structural or otherwise, or
2    modification of any sort whatsoever, beyond that construction,
     alteration, repair, or modification that is otherwise required by other
3    provisions of law, to any new or existing establishment, facility,
     building, improvement, or any other structure . . . nor shall anything
4    in this section be construed to augment, restrict, or alter in any way
     the authority of the State Architect to require construction,
5    alteration, repair, or modifications that the State Architect otherwise
     possesses pursuant to other . . . laws.

6
     A violation of the right of any individual under the
7    Americans with Disabilities Act of 1990 (Public Law 101-336) shall
     also constitute a violation of this section.

8
     As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the
9
     "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the
10
     failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or
11
     failing to act to identify and remove barriers can be construed as a "negligent per se" act of
12
     defendants, and each of them.
13
14       71.    The acts and omissions of defendants stated herein are discriminatory in nature and

     in violation of Civil Code §51.5:
15
     No business establishment of any kind whatsoever shall
16   discriminate against, boycott or blacklist, refuse to buy from, sell to,
     or trade with any person in this state because of the race, creed,
17   religion, color, national origin, sex, or **disability** of the person or of
     the person's partners, members, stockholders, directors, officers,
18   managers, superintendents, agents, employees, business associates,
     suppliers, or customers.
19
     As used in this section, "person" includes any person, firm
20   association, organization, partnership, business trust, corporation,
     limited liability company, or company.
21
     Nothing in this section shall be construed to require any
22   construction, alteration, repair, structural or otherwise, or
     modification of any sort whatsoever, beyond that construction,
23   alteration, repair or modification that is otherwise required by other
     provisions of law, to any new or existing establishment, facility,
24   building, improvement, or any other structure . . . nor shall anything
     in this section be construed to augment, restrict or alter in any way
25   the authority of the State Architect to require construction,
     alteration, repair, or modifications that the State Architect otherwise
26   possesses pursuant to other laws.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1    72.    Defendants' acts and omissions as specified have denied each plaintiff full and
2   equal accommodations, advantages, facilities, privileges and services in a business establishment,
3   on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil
4   Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A
5   violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public
6   Law 101-336) shall also constitute a violation of this section."

7   Each plaintiff accordingly incorporates the entirety of his/her above cause of action for violation
8   of the Americans with Disabilities Act at §38, *et seq*., as if repled herein.

9    73.    As a result of the denial of equal access to defendants' facilities due to the acts and
10  omissions of defendants, and each of them, in owning, operating and maintaining these subject
11  public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights,
12  including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

13   74.    As a result of the denial of equal access to defendants' facilities due to the acts and
14  omissions of defendants, and each of them, in owning, operating and maintaining these subject
15  public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights,
16  including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

17   75.    Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each
18  suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation,
19  embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and
20  naturally associated with a denial of access to a person with physical disabilities, all to each
21  plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted
22  discrimination against each plaintiff on the sole basis that each plaintiff is a person or an entity
23  that represents persons with physical disabilities and unable, because of the architectural barriers
24  created and maintained by the defendants in violation of the subject laws, to use the public
25  facilities hereinabove described on a full and equal basis as other persons.

26

27

28

76.     Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY are entitled

to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages

(defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to

reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be

the prevailing party.

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, each an individual and Against Defendants MARTHA SANCHEZ; ROBERT C. SANCHEZ; and FANTE, INC., a California Corporation dba CASA SANCHEZ FOODS, inclusive) (42 U.S.C. §12101, *et seq.*)

1.     For injunctive relief, compelling defendants MARTHA SANCHEZ; ROBERT C. SANCHEZ; and FANTE, INC., a California Corporation dba CASA SANCHEZ FOODS, inclusive, to make the CASA SANCHEZ, located at 2778 24TH Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

**II. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEO.***
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, each an individual and Against Defendants MARTHA SANCHEZ; ROBERT C. SANCHEZ; and FANTE, INC., a California Corporation dba CASA SANCHEZ FOODS, inclusive) (California Civil Code §§54, 54.1, 54.3, *et seq.*)

1. For injunctive relief, compelling defendants MARTHA SANCHEZ; ROBERT C. SANCHEZ; and FANTE, INC., a California Corporation dba CASA SANCHEZ FOODS, inclusive, to make the CASA SANCHEZ, located at 2778 24TH Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2. Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3. Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4. Treble damages pursuant to Civil Code §54.3;

5. General damages according to proof;

6. For all costs of suit;

7. Prejudgment interest pursuant to Civil Code §3291; and

8. Such other and further relief as the court may deem just and proper.

**III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEO.***
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, each an individual and Against Defendants MARTHA SANCHEZ; ROBERT C. SANCHEZ; and FANTE, INC., a California Corporation dba CASA SANCHEZ FOODS, inclusive) (Health & Safety code §19955, *et seq.*)

1. For injunctive relief, compelling defendants MARTHA SANCHEZ; ROBERT C. SANCHEZ; and FANTE, INC., a California Corporation dba CASA SANCHEZ FOODS, inclusive, to make the CASA SANCHEZ, located at 2778 24TH Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

1    2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

2  alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3    3.      For all costs of suit;

4    4.      For prejudgment interest pursuant to Civil Code §3291;

5    5.      Such other and further relief as the court may deem just and proper.

6  **IV.**   **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, each an individual and Against Defendants MARTHA SANCHEZ; ROBERT C. SANCHEZ; and FANTE, INC., a California Corporation dba CASA SANCHEZ FOODS, inclusive) (California Civil Code §§51, 51.5, *et seq.*)

11    1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and

12  for each occasion on which plaintiffs were deterred from returning to the subject public

13  accommodation;

14    2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

15  prevailing party;

16    3.      General damages according to proof;

17    4.      Treble damages pursuant to Civil Code §52(a);

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5.    For all costs of suit;

6.    Prejudgment interest pursuant to Civil Code §3291; and

7.    Such other and further relief as the court may deem just and proper.

Dated: _____5/27/11_____, 2011    THOMAS E. FRANKOVICH,
                                      *A PROFESSIONAL LAW CORPORATION*

                                      By:

                                     THOMAS E. FRANKOVICH
                                     Attorneys for Plaintiff IRMA RAMIREZ and Plaintiff
                                     DAREN HEATHERLY

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _____5/27/11_____, 2011    THOMAS E. FRANKOVICH,
                                        *A PROFESSIONAL LAW CORPORATION*

                                      By:

                                       THOMAS E. FRANKOVICH
                                     Attorneys for Plaintiff IRMA RAMIREZ and Plaintiff
                                     DAREN HEATHERLY

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Exhibit A

Irma Ramirez
734 Morton Way
Santa Rosa, CA  95404

February 3, 2011

Casa Sanchez
Attn: Manager
2778 24th Street
San Francisco, Ca 94110

Dear Manager of Casa Sanchez:

Si desea que le escriba en Espanol nomas regrese esta carta.  Se la escribe nuevo.

My husband and I were recently at Casa Sanchez.  The food was quite good and reasonably priced.  We were both surprised and quite pleased with the patio.  Who would have thought that some place in the Mission could have such a patio.  Huge and beautiful.  Must be absolutely great in good weather.

That part of our experience was super.  But there are some problems that need your immediate attention.  You see my husband and I use wheelchairs.

There needs to be enough room between and around the tables for wheelchairs.  There should be at least one table that wheelchairs can fit under.  When I went to use the women's restroom the cashier had to move a large planter out of the way.

Then when I went to use the restroom it was really hard to use the toilet.  There were no grab bars to use so I really struggled to use it.  The toilet seemed very low.  The sink is not usable in the cabinet.  The bathroom is really big so you should be able to easily take care of this.

My husband had the same kind of problems with the me's room.  Could you look at that restroom also.  Thank you.

Sincerely

*Irma Ramirez*

Irma Ramirez

Irma Ramirez
734 Morton Way
Santa Rosa, CA  95404

February 3, 2011

Casa Sanchez
Attn: Owner of Building
2778 24th Street
San Francisco, Ca 94110

Dear Owner of Building for Casa Sanchez:

Si desea que le escriba en Espanol nomas regrese esta carta.  Se la escribe nuevo.

My husband and I were recently at Casa Sanchez.  The food was quite good and reasonably priced.  We were both surprised and quite pleased with the patio.  Who would have thought that some place in the Mission could have such a patio.  Huge and beautiful.  Must be absolutely great in good weather.

That part of our experience was super.  But there are some problems that need your immediate attention.  You see my husband and I use wheelchairs.

There needs to be enough room between and around the tables for wheelchairs.  There should be at least one table that wheelchairs can fit under.  When I went to use the women's restroom the cashier had to move a large planter out of the way.

Then when I went to use the restroom it was really hard to use the toilet.  There were no grab bars to use so I really struggled to use it.  The toilet seemed very low.  The sink is not usable in the cabinet.  The bathroom is really big so you should be able to easily take care of this.

My husband had the same kind of problems with the me's room.  Could you look at that restroom also.  Thank you.

Sincerely

*Irma Ramirez*

Irma Ramirez